NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

SEP 26 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.  22-10101 |
| Plaintiff-Appellee, | D.C. No. 3:20-cr-08014-SMB-1 |
| v. | |
| VINCENT ROY TSOSIE, Jr., AKA Vincent Roy Tsosie, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Susan M. Brnovich, District Judge, Presiding

Argued and Submitted September 12, 2023
Phoenix, Arizona

Before:  HURWITZ, BUMATAY, and DESAI, Circuit Judges.

Vincent Tsosie, Jr. appeals his convictions for arson and murder.  We have

jurisdiction under 28 U.S.C. § 1291, and we affirm.

1.  Tsosie argues that he unambiguously invoked his right to silence when

detectives questioned him about the trailer fire, and thus the district court erred in

denying his motion to suppress.  We review de novo whether a defendant invoked

---

\*  This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

his right to silence. *United States v. Rodriguez*, 518 F.3d 1072, 1076 (9th Cir. 2008).

Tsosie points to three statements that he asserts are unambiguous invocations of his right to silence. But each statement is ambiguous. First, Tsosie's response, "No, I'm not," followed the FBI agent's statement suggesting that Tsosie was involved in something that happened the week before. Even if this statement might be construed as invoking the right to silence, it could just as easily be understood as Tsosie denying that he was involved in what the agent was referring to. Second, Tsosie's statement, "Naw, I don't, hm-hmm (negative)" is also ambiguous. Again, even assuming that the statement could be understood as Tsosie invoking his right to silence, it could also be understood as him denying that he knew about the fire, which the FBI agent had just mentioned. Lastly, while Tsosie's statement, "We can talk about it on the way," may imply a preference to discuss the matter later, it does not constitute an unambiguous assertion of the right to silence. Thus, the district court did not err in denying Tsosie's motion to suppress.

2. Tsosie also argues that the prosecutor shifted the burden of proof in closing argument by stating that to find Tsosie not guilty, the jury "would have to believe that three people came into this courtroom so black-hearted, and so cruel, and so unkind, that they would falsely accuse an innocent man." We review allegations of prosecutorial misconduct for harmless error. *United States v. Ruiz*, 710 F.3d 1077, 1082 (9th Cir. 2013). "Under harmless error review, claims of prosecutorial

misconduct are viewed in the entire context of the trial, and reversal is justified only if it appears more probable than not that prosecutorial misconduct materially affected the fairness of the trial." *Id.* (simplified).

Even if the prosecutor's statements improperly shifted the burden of proof, the jury instructions cured that error by clearly establishing that the government bears the burden. *See United States v. Tam*, 240 F.3d 797, 802 (9th Cir. 2001). Moreover, to the extent the prosecutor's characterization of the witnesses as potentially being "black-hearted" or "cruel" was error, Tsosie fails to show that it is more probable that not that this one statement in closing "materially affected the fairness of the trial." *Ruiz*, 710 F.3d at 1082.

3. Tsosie contends that the district court's denial of his request for recross-examination of one of the government's witnesses violated his Confrontation Clause rights.

Recross examination is required only if a new matter was raised in redirect, but the trial court otherwise has discretion on whether to allow recross. *United States v. Baker*, 10 F.3d 1374, 1404 (9th Cir. 1993), *overruled on other grounds by United States v. Nordby*, 225 F.3d 1053 (9th Cir. 2000). The government raised the topic of the witness's demeanor during direct examination. So Tsosie could have asked the witness in cross-examination whether she was intoxicated or afraid, but failed to do so.

3

The parties disagree on our standard of review on this question, but we need not decide which standard to apply. Given that no new matter was raised in redirect and that the district court has "wide latitude" to deny recross, *Gibbs v. Covello*, 996 F.3d 596, 601 (9th Cir. 2021), we find neither plain error nor abuse of discretion.

**AFFIRMED.**